[887 NYS2d 735]

In the Matter of Beth J. Anderson, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, July 2, 2009

### APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*T. Alan Brown,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 12, 1980, and, during the time period relevant to this proceeding, maintained an office for the practice of law in Collins. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from her representation of two clients in matrimonial cases and from her conduct during the investigation conducted by the Grievance Committee concerning the complaints filed by those two clients. Respondent filed an answer admitting the factual allegations of the petition and raising matters in mitigation, and she appeared before this Court and was heard with respect to those matters in mitigation.

Respondent has admitted that she failed to communicate with one of the clients, failed to respond to correspondence or telephone messages from opposing counsel in that case and failed to file a response to a motion or to appear on the return date thereof, resulting in the entry of an order directing payment by the client of temporary maintenance and counsel fees. Additionally, she has admitted that she failed to make herself available for a telephone conference, as directed by Supreme Court, and that she failed to refund the unearned portion of the retainer fee, as requested by the client. Based on respondent's failure to refund that portion of the retainer fee, the client has filed for fee arbitration. In addition, after the client incurred the expense of retaining new counsel, that new counsel was unable to contact respondent to request the client's legal file because respondent's answering machine had been disconnected.

With respect to the second client, respondent has admitted that she failed to communicate with or to respond to correspondence from the client, failed to provide any legal services on behalf of the client and refunded to the client the unearned retainer fee only after the client filed a complaint with the Grievance Committee.

Finally, respondent has admitted that she failed to respond to letters from the Grievance Committee concerning the client complaints and failed to appear for questioning as directed by the Grievance Committee, necessitating the issuance of a subpoena by this Court ordering her to appear.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 2-110 (a) (1) (22 NYCRR 1200.15 [a] [1])—withdrawing from employment in a proceeding before a tribunal without its permission;

DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without taking steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to her;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship.

Additionally, respondent violated 22 NYCRR 1400.2 by failing to submit written, itemized bills to clients in domestic relations matters at a minimum of 60-day intervals.

We have considered the matters submitted by respondent in mitigation, including that, at the time of the misconduct, respondent was suffering from severe depression for which she has sought treatment and that she voluntarily discontinued practicing law following the occurrence of the events that are the subject of this proceeding. Additionally, we have considered her expression of remorse. Respondent, however, has previously received letters of admonition and letters of caution for similar misconduct and, in this matter, her misconduct resulted in harm to a client. Accordingly, after consideration of all of the factors

in this matter, we conclude that respondent should be suspended for a period of six months, and until further order of the Court. Additionally, respondent is directed to satisfy any fee arbitration award made on behalf of her client.

MARTOCHE, J.P., FAHEY, CARNI, GREEN and PINE, JJ., concur.

Order of suspension entered.